[No. 15781.  Department Two.  June 23, 1920.]

*In the Matter of the Petition for* TUKWILA SCHOOL
DISTRICT.

G. R. PAYNE *et al., Appellants,* v. A. S. BURROWS, *as
County Superintendent of Schools for King
County, Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS (1-1)—DISTRICTS—BOUNDARIES—
INCORPORATION OF TOWN. The incorporation of a town of the fourth
class does not necessarily create a new school district out of the
district of which it was formerly a part, under Laws of 1889-90,
p. 379, § 64, which provides that each incorporated city or town
shall comprise one district, with the provision that city or town
districts may be extended a reasonable distance outside the city.

SAME (1-1). The school code, Rem. Code, § 4422, providing that
all school districts "now existing   *   *   *   *    are here-
by recognized as legally organized" districts, fixes the status of a
district then shown by the records and precludes a claim by a town
that it was a district separate and apart therefrom.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered December 2, 1919,
upon findings in favor of the defendant, affirming the
decision of the county school superintendent denying
a petition seeking the establishment of a school dis-
trict, after trial to the court.  Affirmed.

*Robert D. Hamlin,* for appellants.

*Fred C. Brown* and *Howard A. Hanson,* for re-
spondent.

FULLERTON, J. — School District No. 144, of King
county, was duly organized as such on April 7, 1904.
On June 16, 1908, a part of the territory comprising
the school district was incorporated as a town of the
fourth class, under the name of the town of Tukwila.

[1]Reported in 190 Pac. 1010.

On May 5, 1919, the requisite number of heads of families residing within the town of Tukwila filed with the county superintendent of schools of King county a petition praying that a new school district be organized out of the territory of school district No. 144, the boundaries of which should be coincident with the corporate boundaries of such town. After due notice given, a hearing was had on the petition by the county superintendent and the petition denied. An appeal was taken to the superior court of King county from the order of the county superintendent, where the petition was again heard on its merits and denied. This appeal is from the judgment of the superior court.

In this court the petitioners do not question the correctness of the judgment of the superior court, treating it as a judgment upon an application for the organization of a new district, but contend that, under and in virtue of the statutes existing at the time of the incorporation of the town of Tukwila, the town became *ipso facto* a school district, separate and apart from the district of which its territory then comprised a part, and that the county superintendent and the superior court erred in failing to recognize and treat it as such. The provision of the statute on which the contention is founded reads as follows:

"Each incorporated city or town in this state shall be comprised in one district and under one board of school directors, and in all such cities or towns where the enumeration of school children entitled to draw school money is three hundred or more, the directors shall be required to adopt the graded system of teaching in their schools: *Provided,* That nothing in this section shall be so construed as to prevent the extension of such city or town districts a reasonable distance outside the limits of such incorporated city or town: *And provided further,* That the schools of such cities and towns may be graded in such manner as the

directors thereof may deem best suited to the wants of such districts.'' Laws of 1889-90, § 64, p. 379.

It is not contended, if we have correctly gathered the argument, that the language of the body of the section, namely, ''Each incorporated city or town in this state shall be comprised in one district and under one board of school directors,'' necessarily means, when taken alone, that the incorporation of a city or town creates a new school district, but that such must be its meaning if any effect is given to the language of the first of the provisos, since no school district comprised of a city or town could extend its boundaries a reasonable distance outside of its corporate limits unless it is of itself a school district. But we cannot think the reasoning conclusive. If the intent was to provide that the mere act of incorporating a city or town of itself created a new school district, the legislature would have so expressly declared and not left the question to inference. To our minds, the more obvious meaning is that the proviso was intended as explanatory of the language of the body of the section, the purpose being to make it clear that the boundaries of a school district comprising an incorporated city or town need not be confined to the boundaries of such city or town.

But there is another reason which we think controlling in this instance, even if our construction of the statute be wrong. Subsequent to the incorporation of the town of Tukwila, and while its territory was shown on the books of the county school superintendent as forming a part of school district No. 144, the legislature enacted a new code relating to the public schools, which it denominated the ''Code of Public Instruction of the State of Washington.'' In the act, after providing for the classification of school

districts, a method of organizing new districts and of changing the boundaries of existing ones, it further provided:

"That all school districts now existing as shown by the records of the county superintendent are hereby recognized as legally organized districts, subject to the classification of Article 1 of this chapter." Rem. Code, § 4422.

The evident purpose of this provision was to fix definitely the status of all the then recognized school districts, and set at rest controversies over boundaries and controversies over the question whether any such district was legally organized. Since the town of Tukwila was then shown by the records of the county school superintendent as forming a part of school district No. 144, its status was, by the act, definitely fixed as such, even though it theretofore had the right to assert its existence as an independent school district.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.